UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ZACHARY LAWSON,

            Plaintiff,

v.

MICHIGAN PAROLE BOARD et al.,

           Defendants.
_____/

Case No. 2:17-cv-197

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ojibway Correctional Facility (OCF) in Marenisco, Michigan. The events about

which he complains occurred while incarcerated at that facility. Plaintiff sues the Michigan Parole Board, Parole Hearing Agents Susan A. Wilson, Edwin M. Heap, Jerome Warfield, and Abigail A. Callejas. Plaintiff alleges that Defendants have denied him parole in violation of his due process rights. Plaintiff seeks injunctive relief.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendant violated his due process rights by failing to provide valid substantial and compelling reasons for departing from the parole guidelines when denying his parole. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the

Michigan system does not create a liberty interest in parole. The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Until Plaintiff has served his 22-year maximum sentence, he has no reasonable expectation of liberty. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure or refusal to consider Plaintiff for parole, therefore, implicates no federal right. In the absence of a liberty interest, Plaintiff fails to state a claim for a violation of his procedural due process rights.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   April 16, 2018          /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 CHIEF UNITED STATES DISTRICT JUDGE